WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Burnside,<br><br>　　　　Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>　　　　Defendants. | No. CV-25-00902-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants City of Mesa (the "City") and Officer Jessica Martinez's Motion for Judgment on the Pleadings (Doc. 11). The Motion has been fully briefed. For the following reasons, the Court **grants** Defendants' Motion.

## I.    BACKGROUND

Plaintiff Richard Burnside, in his First Amended Complaint ("FAC"), alleges that Officer Martinez shot him with "Super-Sock Bean Bag" ammunition while responding to a disturbance call at a Mesa residence. (Doc. 1-1 at 9 ¶ 11–12, 10 ¶ 15.) Plaintiff alleges that the City knew—or should have known—that this ammunition "had a propensity to discharge at a much higher velocity than advertised by the manufacturer, making the ammunition much more likely to cause injury." (*Id.* ¶ 16.) Accordingly, Plaintiff brings: (1) a claim of excessive force by Officer Martinez in violation of 42 U.S.C. § 1983; and (2) a *Monell* claim under § 1983 against the City for having unconstitutional policies and customs and for failing to train and supervise.

Plaintiff requests leave to amend the FAC "to correct the mistaken allegation that

Defendant Martinez shot Plaintiff with beanbag ammunition" because "she actually tased him." (Doc. 18 at 1.) Plaintiff contends that a different officer shot him with beanbag ammunition. (*Id.* at 2.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[A] Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion" and the same legal standard applies to both motions. *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation modified); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.*

Rule 15(a)(2) provides: "The court should freely give leave when justice so requires." However, leave to amend is inappropriate if "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified).

## III. DISCUSSION

The Court first evaluates Plaintiff's excessive force claim. The Court then evaluates Plaintiff's *Monell* claim.

### A. Excessive Force Claim

Defendants contend, and Plaintiff concedes, that Officer Martinez used a taser, not a beanbag gun. (Doc. 11 at 1; Doc. 18 at 3.) Given this uncontroverted and material factual

misstatement, the Court **grants** Defendants' Motion regarding Plaintiff's excessive force claim. The Court will give Plaintiff leave, as requested, to "correct this mistake by referencing Defendant Martinez's unreasonable use of a Taser." (Doc, 18 at 3.) According to Plaintiff, "[t]his correction would only apply to the excessive force claim against Officer Martinez and would not affect Plaintiff's *Monell* claim, which clearly is based upon the use of beanbag ammunition by a different Mesa police officer who is not named in the FAC." (*Id.*)[1]

### B. *Monell* Claim

The Court next turns to address Plaintiff's *Monell* claim which is based on a police officer's alleged use of excessive force by using beanbag ammunition. (Doc. 18 at 3.) Section 1983 provides a cause of action against state actors who deprive individuals of their constitutional rights. *See WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). A city can be a "state actor" amenable to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978). However, § 1983 does not "impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 692). "Instead, in *Monell* and subsequent cases, [the Supreme Court] required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* Such claims are commonly known as "*Monell* claim[s]." *E.g.*, *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).

To assert a *Monell* claim, a plaintiff must prove: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau*

---

[1] The Court notes that a bare assertion that an officer used a taser on a suspect would be insufficient as the use of a taser is not invariably excessive force. *See, e.g.*, *Mattos v. Agarano*, 661 F.3d 433, 446–47 (9th Cir. 2011) (discussing cases finding the use of a taser to be reasonable); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

*v. Sch. Dist. No 40*, 130 F.3d 432, 438 (9th Cir. 1997) (citation modified). Ultimately, "there must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Claimants "need not sue the individual tortfeasors . . . but may proceed solely against the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

"The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures." *Oakry v. City of Tempe*, 629 F. Supp. 3d 974, 984 (D. Ariz. 2022). Whether a seizure is unreasonable is an objective inquiry; "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). As the Supreme Court has noted:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.

*Id.* at 396 (citation modified). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006).

Plaintiff fails to adequality plead the use of excessive force. Plaintiff does not identify any facts suggesting that the use of beanbag ammunition against him was unreasonable. As noted, whether a particular use of force is reasonable can only be judged considering the attendant circumstances. *See Tatum*, 441 F.3d at 1095. Here, the Complaint does not describe what information police had before arriving at the residence or what police saw upon arriving at the residence. The bare allegation that police were responding to a "disturbance call" does not enable this Court to evaluate whether the use

of force here is reasonable.  An officer's perspective might change depending on whether he is responding to a verbal disturbance versus a violent physical disturbance.

Without providing any surrounding details, Plaintiff merely alleges that he was shot multiple times with beanbag ammunition discharged at higher-than-advertised velocities. (Doc. 1-1 at 9–10).  While the use of beanbag ammunition "is permissible only when a strong governmental interest compels the employment of such force," the use of such ammunition is not excessive force *per se*.  *Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011) (applying the *Graham* factors to evaluate an excessive force claim predicated on the use of a beanbag shotgun).  Plaintiff does not identify any facts or circumstances surrounding the use of the beanbag ammunition.  Plaintiff fails to describe either the facts and circumstances surrounding the use of the beanbag ammunition or the nature and extent of his injuries.  Simply stating that the use of beanbag ammunition was unreasonable does not make it so.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court **grants** Defendants' Motion regarding Plaintiff's *Monell* claim.  The Court will grant Plaintiff leave to amend his *Monell* claim.  The Court highlights "that a plaintiff asserting *Monell* claims may not simply recite the elements of a cause of action but must allege sufficient underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Figueroa v. Kern County*, 506 F. Supp. 3d 1051, 1060 (E.D. Cal. 2020) (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).  "Allegations that provide such notice could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy."  *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019) (quoting *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 843–44 (S.D. Tex. 2011).  "[A] complaint alleging a *Monell* claim must pair general averments of a policy or custom with particular examples."  *Id.* at 1175 (citation modified).

**IV.   CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED granting** Defendants' Motion for Judgment on the Pleadings (Doc. 11.)

**IT IS FURTHER ORDERED granting** Plaintiff leave to amend his claims. If Plaintiff so chooses, he must file a Second Amended Complaint no later than thirty (30) days after the date this Order is issued.

Dated this 10th day of December, 2025.

Honorable Susan M. Brnovich
United States District Judge